KOZBERG & BODELL LLP
Gregory Bodell (Cal. Bar No. 112573)
E-mail: gbodell@kozberglaw.com
1801 Century Park East, 16th Floor
Los Angeles, California 90067
Telephone: 310.553.1333
Facsimile: 310.553.1303

Attorneys for Plaintiffs MICHAEL H. WEISS, P.C. and MICHAEL H. WEIS

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. WEISS, P.C., a California professional corporation; and MICHAEL H. WEISS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BERKLEY INSURANCE COMPANY, a Delaware corporation; and DOES 1 – 10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF CONTRACT;**<br>**2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND**<br>**3. DECLARATORY RELIEF**<br><br>**DEMAND FOR TRIAL BY JURY** |

## SUMMARY OF CLAIMS

1. This is an action for breach by a liability insurer of its duty to defend its insureds against serious claims, by refusal to defend claims against the insureds potentially, if not fully, covered by the policy of insurance issued to the insureds.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1332 as all plaintiffs are citizens of California and Defendants are citizens of Delaware (place of incorporation) and Connecticut (principal place of business) and the amount in dispute exceeds $75,000.

3. Venue of this action is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) as a substantial part of the events giving rise to the claim occurred in this district.

4. Plaintiff Michael H. Weiss, P.C. ("the PC") is a registered California professional law corporation that has its principal place of business in Los Angeles County, California, and thus was and is, at all relevant times, a citizen of the State of California.

5. Plaintiff Michael H. Weiss ("Weiss") is an individual who lives in Los Angeles County, California, and thus was and is, at all relevant times, a citizen of the State of California.

6. Upon information and belief, Defendant Berkley Insurance Company ("Berkley") was and is, at all relevant times, an insurance company formed under the laws of Delaware that has its principal place of business in Connecticut and thus is not a citizen of California.

7. The true names and capacities of the defendants named herein as Does 1 through 10, inclusive, are unknown to the PC and Weiss, who therefore sue said defendants by such fictitious names. PC and/or Weiss will amend this Complaint to allege their true names and capacities when such have been ascertained. Reference herein to "defendants" without other limitation shall include both specifically and

fictitiously named defendants. Upon information and belief, each of the fictitiously named defendants herein is responsible in some manner for the occurrences herein alleged, and the injuries as herein alleged were proximately caused by such defendants' acts or omissions. Upon further information and belief, Does 1 through 10 are not citizens of California but are citizens of Delaware, Connecticut or Illinois.

## BACKGROUND OF THE CLAIMS

8. Defendants issued a policy of Lawyers Professional Liability Insurance to the PC effective June 12, 2019 through June 12, 2020, assigned policy number PLP-1763816-P1 (the "Policy"). A true copy of the Policy is attached hereto as Exhibit 1. The Policy provided certain coverage, more fully alleged below, for "claims" made during its period of coverage.

9. The Policy provided coverage to the PC and various others defined in the Policy by the term, "Insured," a definition that extends coverage to Weiss (the PC and Weiss sometimes collectively are referred to hereafter as "the Insureds"). The Policy coverage included payment for, among other things, "all sums in excess of the deductible [of $5,000], up to the Limit of Liability [of $1,000,000] that the Insured[s] shall become legally obligated to pay as Damages and Claim Expenses because of a Claim that is both first made against the Insured [the PC and Weiss] and reported in writing to [Berkley] during the Policy Period … by reasons of an act or omission in the performance of Legal Services by the Insured …" that occurred after June 12, 2019.

10. The Policy defined "Claims" to include "a demand for money or services, including the services of suit … received by the Insured arising out of an act or omission … in the rendering of, or failure to render, Legal Services."

11. "Claim Expenses" is defined to include "fees charged by attorneys …."

12. "Legal Services" is defined to include "those services performed by an Insured as an administrator, conservator, receiver, executor, guardian, trustee or in any other fiduciary capacity."

13. A civil action was filed against the Insureds on May 28, 2020 in the United States District Court for the Middle District of Florida, *Adventist Health System Sunbelt Healthcare Corp., v. Michael H. Weis, P.C., et al.,* case no. 6:20-cv-00877-PGB (the "Claim"). A true copy of the Complaint in the Claim is attached as Exhibit 2. The Claim asserted facts against the Insureds that, *inter alia*, they served as an escrow officer for the receipt and transfer of money for the purchase of medical masks, that the purchase and sale of the masks for which the escrow occurred failed, but the Insureds improperly released the money and were unable to return all of the money to the purchaser, the plaintiff in the Claim. The alleged wrongful acts and omissions occurred in April 2020, during the period of the coverage of the Policy. These allegations asserted against the Insureds are claims of the type potentially covered by the Policy.

14. Accordingly, the Insureds notified Defendants, including Berkley, about the claim on June 3, 2020 and requested Defendants to defend the Insureds against the Claim.

15. Defendants, including Berkley, denied coverage and refused to defend the Insureds against the Claim on June 15, 2020.

16. The Insureds have retained counsel to defend the Claim and are doing so at their own expense.

**FIRST CLAIM FOR RELIEF
FOR BREACH OF INSURANCE CONTRACT
AGAINST ALL DEFENDANTS**

17. The Insureds incorporate the allegations of paragraphs 1 through 16 as if set forth in full herein.

18. As alleged, Defendants issued the Policy to the Insureds that provided various insurance coverages, including a duty to defend civil actions against them potentially covered by the Policy.

19. The Claim alleges circumstances that potentially are covered by the Policy. Accordingly, as alleged, the Insureds notified Defendants, including

Berkley, about the claim on June 3, 2020 and requested Defendants to defend the Insureds against the Claim.  Thus, the Insureds have performed all duties and satisfied all conditions required by the Policy or Defendants have excused or waived such performance or are estopped by their conduct to assert the non-performance of such duties and obligations.

20. Defendants, including Berkley, breached the terms of the Policy.  They denied coverage and refused to defend the Insureds against the Claim on June 15, 2020, which Claim asserted claims potentially covered by the Policy.

21. As a direct and proximate result of the breach of the Policy by Defendants, the Insureds have been damaged.  The damages are not yet fixed because the Claim continues, however, the Insureds are informed and believe that the damages exceed $75,000 and may be as much as $1,000,000, according to proof at trial, including prejudgment interest at the legal rate under California's laws.

**SECOND CLAIM FOR RELIEF
FOR INSURANCE BAD FAITH
AGAINST ALL DEFENDANTS**

22. The Insureds hereby incorporates the allegations of paragraphs 1 through 16 and 18 through 20 as if set forth in full.

23. Alleged above, Defendants issued the Policy to the Insureds.  Implied into every contract of insurance, including the Policy, is a covenant of good faith and fair dealing that the insurer, Defendants here, must refrain from doing anything that will injure the right of the Insureds to receive the benefits of the insurance policy, including the Policy.

24. Defendants have breached the implied covenant of good faith and fair dealing owed to the Insureds.  As alleged, the Claim was made against the Insureds and it alleges claims of the type potentially, if not actually, covered by the Policy.  Nevertheless, Defendants denied coverage for, including a defense of, the Claim.  Upon information and belief, Defendants did so without conducting an adequate investigation and without good cause.

25. As a direct and proximate result of the breach of the Policy by Defendants, the Insureds have been damaged. The damages are not yet fixed because the Claim continues, however, the Insureds are informed and believe that the damages exceed $75,000 and may be as much as $1,000,000, according to proof at trial, including emotional and mental distress suffered by Weiss and prejudgment interest at the legal rate under California's laws, and, if appropriate, attorney's fees costs incurred in the prosecution of this action.

26. Upon information and belief, Defendants' actions were done with malice, oppression and/or fraud. As a result, the Insureds are entitled to an award of exemplary or punitive damages against Defendants to punish and make an example of Defendants in an amount according to the conduct and financial condition of Defendants at the time of trial.

**THIRD CLAIM FOR RELIEF**
**FOR DECLARATION RELIEF**
**AGAINST ALL DEFEFENDANTS**

27. The Insureds incorporate the allegations of paragraphs 1 through 16 and 18 through 20 as if set forth in full herein.

28. As alleged, Defendants issued the Policy to the Insureds that provided various insurance coverages, including a duty to defend civil actions against them potentially covered by the Policy. The Insureds assert that the Claim alleges circumstances that potentially are covered by the Policy and thus Defendants have a duty to defend the Insureds against the Claims.

29. Upon information and belief, Defendants dispute the Insureds' assertions, i.e., that the Claim raises claims against the Insureds at least potentially covered by the Policy and Defendants have refused to defend the Insureds against the Claim. Upon further information and belief, Defendants assert there is no coverage for the Claims because they do not assert acts or omissions in the performance of "Legal Services," arise from the breach of a contractual obligation, conversion and/or assert intentional acts.

30. Accordingly, an actual controversy presently exists between the Insureds and Defendants concerning current and future rights and interests of the Insureds under the Policy.

31. A declaration and judgment are therefore sought that Defendants are obligated pursuant to the terms of the Policy to defend the Insureds against the Claim and to pay the costs of defense on a current basis, i.e., as they are incurred.

32. As a result of the parties' disputes, a judicial determination of this dispute is necessary and appropriate.

## **PRAYER**

WHEREFORE, the Insureds pray for judgment as follows:

**ON THE FIRST CLAIM FOR RELIEF:**

1. For general, special and consequential damages in excess of $75,000, according to proof at trial; and

2. For prejudgment interest at the rate authorized by California law;

**ON THE SECOND CLAIM FOR RELIEF:**

1. For general, special and consequential damages in excess of $75,000, according to proof at trial, including damages for emotional and mental distress caused to Weiss;

2. For attorney's fees incurred in the prosecution of this action;

3. For prejudgment interest at the rate authorized by California law; and

4. For exemplary and punitive damages against each of the Defendants in an amount according their conduct and financial condition at trial.

**ON THE THIRD CLAIM FOR RELIEF:**

1. A declaration that Defendants are obligated pursuant to the terms of the Policy to defend the Insureds against the Claim and to pay the costs of defense on a current basis, i.e., as they are incurred.

///

///

**ON ALL CLAIMS FOR RELIEF:**

    1.    For costs of suit;

    2.    For such other relief as the Court deems just and proper under the circumstances.

DATED: July 14, 2020        Respectfully submitted,

KOZBERG & BODELL LLP

By: */s/ Gregory Bodell*
     GREGORY BODELL,
     Attorneys for Plaintiffs MICHAEL H. WEISS, P.C. and MICHAEL H. WEISS

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38, the Insureds hereby demand their right to trial by jury of the claims in this action.

DATED: July 14, 2020                    Respectfully submitted,

KOZBERG & BODELL LLP


By: */s/ Gregory Bodell*
    GREGORY BODELL,
    Attorneys for Plaintiffs MICHAEL H.
    WEISS, P.C. and MICHAEL H. WEISS