# EXHIBIT 1

**BERKLEY INSURANCE COMPANY**
A Stock Insurance Company

**Declarations Page**

# Lawyers Professional Liability Insurance

NOTICE: THIS POLICY PROVIDES COVERAGE ON A CLAIMS MADE AND REPORTED BASIS SUBJECT TO ITS TERMS. THIS POLICY APPLIES ONLY TO ANY CLAIM FIRST MADE AGAINST THE INSUREDS AND REPORTED TO THE INSURER DURING THE POLICY PERIOD OR ANY EXTENDED REPORTING PERIOD THAT MAY APPLY.

PLEASE READ AND REVIEW THE POLICY CAREFULLY AND DISCUSS THE COVERAGE WITH YOUR INSURANCE AGENT OR BROKER.

IF INDICATED IN ITEM 5. A. BELOW, THE LIMIT OF LIABILITY AVAILABLE TO PAY DAMAGES OR SETTLEMENTS SHALL BE REDUCED AND MAY BE COMPLETELY EXHAUSTED BY AMOUNTS INCURRED AS LEGAL DEFENSE COSTS. THE INSURER SHALL NOT BE LIABLE FOR LEGAL DEFENSE COSTS OR FOR THE AMOUNT OF ANY JUDGMENT OR SETTLEMENT AFTER EXHAUSTION OF THE LIMIT OF LIABILITY.

Whenever printed in this Declarations Page, the boldface type terms shall have the same meanings as indicated in the Policy.

**Item 1.   Name and Address of Named Insured:**                                         **Policy Number: PLP-1763815-P1**

Michael H. Weiss, P.C.
Suite 401
6310 South San Vicente Bouelvard
Los Angeles, CA  90048

**Item 2.   Policy Period:**   From June 12, 2019 (inception date) to June 12, 2020 (expiration date)

(Both dates at 12:01 a.m. Standard Time at the address of the **Named Insured**)

**Item 3.   Limits of Liability for the Policy Period:**

  A.   $1,000,000 each **Claim,** but in no event exceeding

  B.   $1,000,000 in the aggregate for all **Claims**

**Item 4.   Supplemental Coverages Limit of Liability:**

  $100,000   in the aggregate for all Supplemental Coverages during the **Policy Period**

**Item 5.   Claim Expenses** for the **Policy Period:**

  ☒  A.   **Claim Expenses** Reduce the Limit of Liability in Item 3. above

  ☐  B.   **Claim Expenses** in Addition to the Limit of Liability in Item 3. above

  **Claim Expense Limit:** N/A in the aggregate for all **Claims** during the **Policy Period**

**Item 6.   Deductible:**

  ☐  A.   Aggregate Deductible - All **Claims**          N/A

  ☒  B.   Each **Claim** Deductible                      $5,000

    ☒  i.   The Deductible applies to **Damages** and **Claim Expenses**

    ☐  ii.  The Deductible applies only to **Damages**

**Item 7.   Premium:**       $5,803

**BERKLEY INSURANCE COMPANY**

| Item 8. | Forms and Endorsements attached at inception: | | LPL 39450 (10-14) |
|---|---|---|---|
| 1 | 701-CR- | (04-19) | CLAIM REPORTING PROCEDURES |
| 2 | LPL 101101-CW | (rev. 04-17) | Amend Insuring Agreement to Remove Career Coverage |
| 3 | LPL 101901 | (05-14) | Addition of Prior Acts Date |
| 4 | LPL 400906-CW | (10-14) | Specific Claim or Incident Exclusion |
| 5 | LPL 400907-CW | (10-14) | Specific Entity Exclusion |

Item 9.  Notice to the **Insurer** as provided in section V. A. shall be sent to:
Berkley Select Claims Department on behalf of
Berkley Insurance Company
233 S. Wacker Drive, Suite 3900, Chicago, IL 60606
Toll Free: (844) 465-6256  Fax: (312) 207-1933
Email: newclaim@berkleyselect.com

All other notices to be given to the **Insurer** shall be sent to:
Berkley Select on behalf of
Berkley Insurance Company
233 S. Wacker Drive, Suite 3900, Chicago, IL 60606
Toll Free: (800) 446-2100

These Declarations along with the completed and signed Application and the Lawyers Professional Liability Insurance Policy shall constitute the contract between the **Named Insured** and the **Insurer**.

Authorized Representative: _[signature]_        Date Issued: June 13, 2019

LPL 39451 (rev. 07-16)        Producer: Andrea S. Ferguson        Page 2 of 2

# Berkley Insurance Company

Page 1 of 1

## BERKLEY SELECT

## CLAIM REPORTING PROCEDURES

In the event of an incident which may result in a claim, an actual claim or your receipt of suit papers, please follow the procedures outlined below:

**NOTICE OF EACH INCIDENT, CLAIM OR SUIT SHOULD IMMEDIATELY BE REPORTED TO:**

BERKLEY SELECT CLAIMS DEPARTMENT
on behalf of Berkley Insurance Company
233 S. WACKER DRIVE, SUITE 3900
CHICAGO, IL 60606
Fax: (312) 207-1933
E-mail: newclaim@berkleyselect.com
Online: www.berkleyselect.com/claims/report-claim

**TO ENABLE US TO RESPOND MORE QUICKLY AND EFFICIENTLY**, please fax or email any pertinent details of the claim directly to our attention.

**PLEASE BE SURE TO INCLUDE:**

- **Your Name, Address and Phone Number;**
- **Your Policy Number and the Policy Period;**
- **A written narrative of the circumstances surrounding the claim or potential claim;**
- **Names and addresses of the claimant;**
- **Details of the any underlying claim, including current status and the amount in controversy or relief demanded.**
- **If you are submitting the report by mail or fax, please also include any letters of demand or any legal papers which you have received regarding the claim.**

**Please provide your professional liability insurance agent a copy of all claim notices and correspondence sent to Berkley Select.**

Whenever printed in this Endorsement, the boldface type terms shall have the same meanings as indicated in the Policy Form. All other provisions of the Policy remain unchanged.

| Insured | Policy Number |
|---|---|
| Michael H. Weiss, P.C. | PLP-1763815-P1 |
| Effective Date of This Endorsement | Authorized Representative |
| 06/12/2019 | |

| Policy Form: LPL 39450 (10-14) | 34727-1763815-1823755 | 1 - 701-CR- (04-19) |

# Berkley Insurance Company

Page 1 of 1

## Amend Insuring Agreement to Remove Career Coverage

In consideration of the premium paid for this Policy, it is understood and agreed that:

1. Section I. Insuring Agreement A. Lawyers Professional Liability Insurance Coverage of this Policy is deleted in its entirety and replaced with the following:

   **I. A.  Lawyers Professional Liability Insurance Coverage**

   The **Insurer** agrees to pay on behalf of the **Insured** all sums in excess of the deductible, up to the Limit of Liability, that the **Insured** shall become legally obligated to pay as **Damages** and **Claim Expenses** because of a **Claim** that is both first made against the **Insured** and reported in writing to the **Insurer** during the **Policy Period**, or any Extended Reporting Period, if applicable, by reason of an act or omission in the performance of **Legal Services** by the **Insured** or by any person for whom the **Insured** is legally liable, while acting on behalf of the **Named Insured** and/or **Predecessor Firm** for clients of the **Named Insured** and/or **Predecessor Firm** provided that:

   1. no **Insured** gave notice to a **Prior Insurer** of such **Claim** or a **Related Claim**; and/or
   2. no **Insured** gave notice to a **Prior Insurer** of any such act or omission or **Related Act or Omission**; and/or
   3. prior to the inception date of the first policy if continuously renewed, or the date the **Insured** first became a member or employee of the **Named Insured** and/or **Predecessor Firm**, whichever is later, no **Insured** had a basis to believe that any such act or omission, or **Related Act or Omission**, might reasonably be expected to be the basis of such **Claim**.

Whenever printed in this Endorsement, the boldface type terms shall have the same meanings as indicated in the Policy Form. All other provisions of the Policy remain unchanged.

| Insured<br>Michael H. Weiss, P.C. | Policy Number<br>PLP-1763815-P1 |
|---|---|
| Effective Date of This Endorsement<br>06/12/2019 | Authorized Representative |

Policy Form: LPL 39450 (10-14)   32125-1763815-1823755   2 - LPL 101101-CW (rev. 04-17)

14

**Berkley Insurance Company**

## Addition of Prior Acts Date

In consideration of the premium paid for this Policy, it is understood and agreed that:

1. Section I. Insuring Agreement A. Lawyers Professional Liability Insurance Coverage of this Policy is amended by the addition of the following:

    **I. A.**   **Lawyers Professional Liability Insurance Coverage**
    
    4. the act or omission occurred on or after June 12, 2019.

Whenever printed in this Endorsement, the boldface type terms shall have the same meanings as indicated in the Policy Form. All other provisions of the Policy remain unchanged.

| Insured<br>Michael H. Weiss, P.C. | | Policy Number<br>PLP-1763815-P1 |
|---|---|---|
| Effective Date of This Endorsement<br>06/12/2019 | Authorized Representative | |

| Policy Form: LPL 39450 (10-14) | 27266-1763815-1823755 | 3 - LPL 101901 (05-14) |
|---|---|---|

15

# Berkley Insurance Company

Page 1 of 1

## Specific Claim or Incident Exclusion

In consideration of the premium paid for this Policy, it is understood and agreed that:

1. Section IV. Exclusions of this Policy is amended by the addition of the following:

   IV. This Policy does not apply to any **Claims** based on, arising from, or in any way involving any of the following matters:

   **Description of Excluded Claims and or Incident**

   Deborah Turnbull

Whenever printed in this Endorsement, the boldface type terms shall have the same meanings as indicated in the Policy Form. All other provisions of the Policy remain unchanged.

| Insured | Policy Number |
|---|---|
| Michael H. Weiss, P.C. | PLP-1763815-P1 |
| Effective Date of This Endorsement | Authorized Representative |
| 06/12/2019 | |

Policy Form: LPL 39450 (10-14)    27592-1763815-1823755    4 - LPL 400906-CW (10-14)

16

**Berkley Insurance Company**

Page 1 of 1

## Specific Entity Exclusion

In consideration of the premium paid for this Policy, it is understood and agreed that:

1. Section IV. Exclusions of this Policy is amended by the addition of the following:

   IV. This Policy does not apply to any **Claims** made against any **Insured** based on, or arising from, or in any way involving an act or omission in the performance of **Legal Services** by or for the entity or individual listed below:

   Recovery Coaching Inc
   SFTX-FUEL, LLC
   Wallis Corp.

Whenever printed in this Endorsement, the boldface type terms shall have the same meanings as indicated in the Policy Form. All other provisions of the Policy remain unchanged.

| Insured | Policy Number |
|---|---|
| Michael H. Weiss, P.C. | PLP-1763815-P1 |
| Effective Date of This Endorsement | Authorized Representative |
| 06/12/2019 | |

Policy Form: LPL 39450 (10-14)          27593-1763815-1823755          5 - LPL 400907-CW (10-14)

# Berkley Insurance Company

# Lawyers Professional Liability Insurance Policy

CLAIMS MADE NOTICE FOR POLICY

NOTICE: THIS POLICY PROVIDES COVERAGE ON A CLAIMS MADE AND REPORTED BASIS SUBJECT TO ITS TERMS. THIS POLICY APPLIES ONLY TO ANY CLAIM FIRST MADE AGAINST THE INSUREDS AND REPORTED TO THE INSURER DURING THE POLICY PERIOD OR ANY EXTENDED REPORTING PERIOD THAT MAY APPLY.

PLEASE READ AND REVIEW THE POLICY CAREFULLY AND DISCUSS THE COVERAGE WITH YOUR INSURANCE AGENT OR BROKER.

In consideration of the payment of the premium, in reliance on all statements in the application and all other information provided to the **Insurer**, and subject to all provisions of this Policy, the **Insurer** and **Insureds** agree as follows:

## I. Insuring Agreement

### A. Lawyers Professional Liability Insurance Coverage

The **Insurer** agrees to pay on behalf of the **Insured** all sums in excess of the deductible, up to the Limit of Liability, that the **Insured** shall become legally obligated to pay as **Damages** and **Claim Expenses** because of a **Claim** that is both first made against the **Insured** and reported in writing to the **Insurer** during the **Policy Period** or any Extended Reporting Period, if applicable, by reason of an act or omission in the performance of **Legal Services** by the **Insured** or by any person for whom the **Insured** is legally liable, provided that:

1. no **Insured** gave notice to a **Prior Insurer** of such **Claim** or a **Related Claim**; and
2. no **Insured** gave notice to a **Prior Insurer** of any such act or omission or **Related Act or Omission**; and
3. prior to the date an **Insured** first becomes an **Insured** under this Policy or became an **Insured** under the first policy issued by the **Insurer** (or its subsidiary or affiliated insurers) to the **Named Insured** or any **Predecessor Firm**, whichever is earlier, of which this Policy is a renewal or replacement, no **Insured** had a basis to believe that any such act or omission, or **Related Act or Omission**, might reasonably be expected to be the basis of such **Claim**.

### B. Defense

The **Insurer** shall have the right and duty to defend, in the **Insured's** name and on the **Insured's** behalf, a **Claim** seeking **Damages** covered by this Policy even if any of the allegations of the **Claim** are groundless, false or fraudulent. The **Insurer** shall have the right to appoint counsel and to make such investigation and defense of a **Claim** as is deemed necessary by the **Insurer**. If a **Claim** shall be subject to arbitration or mediation, the **Insurer** shall be entitled to exercise all of the **Insured's** rights in the choice of arbitrators or mediators and in the conduct of an arbitration or mediation proceeding.

### C. Settlement

The **Insurer** shall not settle any **Claim** without the **Named Insured's** consent. If, however, the **Named Insured** shall refuse to consent to any settlement recommended by the **Insurer**, which is acceptable to the claimant, and shall elect to contest the **Claim**, or continue any legal, administrative, or arbitration proceedings in connection with such **Claim**, then the **Insurer's** liability for the **Claim** shall not exceed the amount for which the **Claim** could have been settled, including **Claim Expenses** incurred up to the date of such refusal. Such amounts are subject to the provisions of section II. Limits of Liability and Deductible. In the event that the **Named Insured** refuses to consent to any settlement recommended by the **Insurer**, which is acceptable to the claimant, the **Insurer's** right and duty to defend such **Claim** shall end upon the date of such refusal.

### D. Exhaustion of Limit

The **Insurer** is not obligated to investigate, defend, pay or settle, or continue to investigate, defend, pay or settle a **Claim** after the applicable limit of the **Insurer's** liability has been exhausted by payment of **Damages** or **Claim Expenses** or by any combination thereof or after the **Insurer** has deposited the remaining available Limit of Liability into a court of competent jurisdiction. In such case, the **Insurer** shall have the right to withdraw from the further investigation, defense, payment or settlement of such **Claim** by tendering control of said investigation, defense or settlement of the **Claim** to the **Insured**.

LPL 39450 (10-14)                                                                                                                                  Page 1 of 10
The descriptions in the headings of this Policy are solely for convenience, and form no part of the terms and conditions of coverage.

18

BERKLEY INSURANCE COMPANY

## II. Limits of Liability and Deductible

### A. Claim Expenses Reduce the Limit of Liability

1. If option A. "**Claim Expenses** Reduce the Limit of Liability" is purchased as indicated in Item 5. of the Declarations, the Limit of Liability stated in Item 3. A. of the Declarations is the **Insurer's** Limit of Liability for all **Damages** and **Claim Expenses** arising out of each **Claim** first made against the **Insured** and reported to the **Insurer** during the **Policy Period** and any Extended Reporting Period(s) that may apply.

2. The Limit of Liability stated in Item 3. B. of the Declarations is the **Insurer's** maximum aggregate Limit of Liability for all **Damages** and **Claim Expenses** arising out of all **Claims** first made against the **Insured** and reported to the **Insurer** during the **Policy Period** and any Extended Reporting Period(s) that may apply regardless of the number of **Insureds**, **Claims** made, or persons or entities bringing such **Claims**.

### B. Claim Expenses in Addition to the Limit of Liability

1. If option B. "**Claim Expenses** in Addition to the Limit of Liability" is purchased as indicated in Item 5. of the Declarations, the Limit of Liability stated in Item 3. A. of the Declarations is the **Insurer's** Limit of Liability for all **Damages** arising out of each **Claim** first made against the **Insured** and reported to the **Insurer** during the **Policy Period** and any Extended Reporting Period(s) that may apply. There shall be a separate and equal Limit of Liability applicable to **Claim Expenses** for any such **Claim**.

2. The Limit of Liability stated in Item 3. B. of the Declarations is the **Insurer's** maximum aggregate Limit of Liability for all **Damages** arising out of all **Claims** first made against the **Insured** and reported to the **Insurer** during the **Policy Period** and any Extended Reporting Period(s) that may apply regardless of the number of **Insureds**, **Claims** made, or persons or entities bringing such **Claims**. There shall be a separate and equal aggregate Limit of Liability applicable to **Claim Expenses** for all **Claims** first made against the **Insured** and reported to the **Insurer** during the **Policy Period** and any Extended Reporting Period(s) that may apply, regardless of the number of **Insureds**, **Claims** made, or persons or entities bringing such **Claims**.

### C. Deductible

1. If option A. "Aggregate Deductible - All **Claims**" is selected in Item 6. of the Declarations, the Deductible amount stated in Item 6. A. is the total amount of the **Insured's** liability for all **Claims** first made and reported to the **Insurer** during the **Policy Period**. The Deductible shall be paid by the **Named Insured**, or upon the **Named Insured's** failure to pay, jointly and severally by all **Insureds** against whom the **Claim** is made. The Limits of Liability set forth in the Declarations are in addition to and in excess of the Deductible.

2. If option B. "Each **Claim** Deductible" is purchased in Item 6. of the Declarations, the Deductible amount shall apply to each and every **Claim** first made and reported to the **Insurer** during the **Policy Period**. The Deductible shall be paid by the **Named Insured**, or upon the **Named Insured's** failure to pay, jointly and severally by all **Insureds** against whom the **Claim** is made. The Limits of Liability set forth in the Declarations are in addition to and in excess of the Deductible.

3. If option i. "Deductible applies to **Damages** and **Claim Expenses**" is selected as indicated in Item 6. of the Declarations, the **Insurer** shall be liable for the amount of **Damages** and / or **Claim Expenses** arising from a **Claim** which is in excess of the Deductible amount stated in Item 6. of the Declarations.

4. If option ii. "Deductible applies only to **Damages**" is purchased as indicated in Item 6. of the Declarations, the **Insurer** shall be liable for the amount of **Damages** arising from a **Claim** which is in excess of the Deductible stated in Item 6. of the Declarations. No Deductible shall apply to **Claim Expenses**.

5. The **Insurer** has the right, but not the obligation, to advance any **Damages** and / or **Claim Expenses** within the **Deductible**. Any funds advanced by the **Insurer** shall serve to reduce the Limits of Liability. If the **Insurer** brings suit to collect the Deductible, then the **Insured** responsible to pay the **Deductible** also shall pay the legal fees, costs and expenses incurred by the **Insurer** to collect the Deductible.

### D. Multiple Insureds, Claims and Claimants

The Limits of Liability shown in the Declarations and subject to the provisions of this Policy is the maximum amount the **Insurer** will pay as **Damages** and **Claim Expenses** regardless of the number of **Insureds**, **Claims** made or persons or entities making **Claims**. If **Related Claims** are subsequently made against the **Insured** and reported to the **Insurer**, all such **Related Claims**, whenever made, shall be considered a single **Claim** first made and reported to the **Insurer** within the **Policy Period** in which the earliest of the **Related Claims** was first made and reported to the **Insurer**.

LPL 39450 (10-14)                                                                                                                Page 2 of 10
The descriptions in the headings of this Policy are solely for convenience, and form no part of the terms and conditions of coverage.

19

**BERKLEY INSURANCE COMPANY**

### E. Aggregate Limit for Supplemental Coverages

For the Supplemental Coverages described in this section II. E., the **Insurer** shall reimburse the **Insureds**, up to the aggregate limit stated in Item 4. of the Declarations. The Limit for Supplemental Coverages shall be in addition to the Limits stated in Item 3. of the Declarations. No Deductible shall apply to any of the Supplemental Coverages listed in this section II. E.

In no event shall the amount payable for the Supplemental Coverages per **Policy Period** exceed the aggregate limit stated in Item 4. of the Declarations for the Supplemental Coverages despite the number of **Insureds** hereunder, the number of potential **Claims** or the number of proceedings.

1. **Attendance at Trial**

    If during the **Policy Period** the **Insurer** requests an **Insured's** attendance at a trial, hearing or other alternative dispute resolution proceeding (including arbitration proceeding or mediation) in connection with a **Claim** against such **Insured**, then the **Insurer** will pay for actual loss of earnings and reasonable costs incurred by the **Insured** to attend.

2. **Disciplinary Proceedings**

    The **Insurer** will reimburse the **Named Insured** for attorney fees and other reasonable costs, expenses or fees (the "Disciplinary Fees") paid to third parties (other than an **Insured**) resulting from any one **Disciplinary Proceeding** incurred as the result of a notice of such **Disciplinary Proceeding** both first received by the **Insured** and reported in writing to the **Insurer** either during the **Policy Period** or within 60 days after termination of the **Policy Period**, arising out of an act or omission in the rendering of **Legal Services** by such **Insured** committed prior to the expiration of the **Policy Period**.

3. **Subpoena Assistance**

    If during the **Policy Period** the **Insured** receives a subpoena for documents or testimony arising out of **Legal Services** rendered by the **Insured** and the **Insured** would like the **Insurer's** assistance in responding to the subpoena, the **Insured** may provide the **Insurer** with a copy of the subpoena and the **Insurer** will retain an attorney to provide advice regarding the production of documents, to prepare the **Insured** for sworn testimony, and to represent the **Insured** at the **Insured's** depositions, provided that:

    a. the subpoena arises out of a lawsuit to which the **Insured** is not a party; and

    b. the **Insured** has not been engaged to provide advice or testimony in connection with the lawsuit, nor has the **Insured** provided such advice or testimony in the past.

    The **Insurer** will pay such attorney's legal fees excluding any disbursements. Any notice the **Insured** gives the **Insurer** of such subpoena shall be deemed notification of a potential **Claim** under section V. A. Notice of Claims.

4. **Pre-Claim Assistance**

    Until the date a **Claim** is made, the **Insurer** may pay for all costs or expenses it incurs, at its sole discretion, as a result of investigating a potential **Claim** that the **Insured** reports in accordance with section V. A. Notice of Claims, sub-paragraph 2. Such payments are in addition to the Limit of Liability and not subject to the deductible.

### F. Risk Management Incentives

**Mediation**

If mediation of a **Claim** takes place either without institution of arbitration proceeding or service of suit or within 60 days of the institution of such proceedings or service of suit, and such **Claim** is ultimately resolved for an amount acceptable to the **Insured** and the **Insurer** by the process of mediation, the **Insured's** deductible, applying to the **Claim**, will be reduced by 50%. In no event shall the amount of the deductible waived hereunder exceed $10,000.

## III. Definitions

Whenever printed in boldface type, and whether in the singular or plural form in this Policy, the following terms shall have the meanings indicated below.

A. **Bodily Injury** means injury to the body, sickness or disease sustained by any person, including death resulting from such injuries; or mental injury, mental anguish, mental tension, emotional distress, pain or suffering or shock sustained by any person whether or not resulting from injury to the body, sickness, disease or death of any person.

B. **Claim** means a demand for money or services, including the service of suit or the institution of any alternative dispute resolution proceeding, received by the **Insured** arising out of an act or omission, including **Personal Injury**, in the rendering of, or failure to render **Legal Services**.

The descriptions in the headings of this Policy are solely for convenience, and form no part of the terms and conditions of coverage.

20

**BERKLEY INSURANCE COMPANY**

C. **Claim Expenses** means:
   1. fees charged by attorneys designated by the **Insurer** or by the **Insured** with the **Insurer's** written consent;
   2. all other reasonable and necessary fees, costs and expenses resulting from the investigation, adjustment, defense and appeal of a **Claim** if incurred by the **Insurer**, or by the **Insured** with the written consent of the **Insurer**, including, but not limited to, premiums for any appeal bond, attachment bond or similar bond but without any obligation of the **Insurer** to apply for or furnish any such bond;
   3. all costs taxed against an **Insured** in defense of a **Claim**; or
   4. all interest on the entire amount of any judgment which accrues after entry of the judgment and before the **Insurer** has paid that part of the judgment which does not exceed the Limit of Liability stated in Item 3. A. of the Declarations for each **Claim**.

   **Claim Expense** with respect to a covered **Claim** will be paid first and payment will reduce the amount available to pay **Damages**. **Claim Expenses** do not include fees, costs or expenses of employees or officers of the **Insurer**. Nor shall **Claim Expenses** include salaries, loss of earnings or other remuneration by or to any **Insured**.

D. **Damages** means judgments, awards and settlements (including pre-judgment interest), provided all settlements are negotiated with the assistance and approval of the **Insurer**. **Damages** also includes punitive and exemplary damages, and the multiple portions thereof, to the extent that such damages are insurable under the law of the most favorable applicable jurisdiction. **Damages** do not include:
   1. legal fees, costs and expenses paid or incurred or charged by any **Insured**, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing;
   2. civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to law, statute, regulation or court rule, including but not limited to awards under 18 U.S.C. §1961, et. seq., Federal Rules of Civil Procedure 11 or 28 U.S.C. §1927 and state statutes, regulations, rules or law so providing, and injuries that are a consequence of any of the foregoing;
   3. injunctive or declaratory relief; or
   4. any amount for which an **Insured** is absolved from payment by reason of any covenant, agreement or court order.

E. **Disciplinary Proceeding** means any pending disciplinary matter including an initial inquiry, before a state or federal licensing board or a peer review committee to investigate charges alleging a violation of any rule of professional conduct in the performance of **Legal Services**.

F. **Insured** means the **Named Insured**, **Predecessor Firm** and the persons or entities described below:
   1. any lawyer, partnership, professional corporation, professional association, limited liability company or limited liability partnership who is or becomes a partner, officer, director, stockholder-employee, associate, manager, member or employee of the **Named Insured** during the **Policy Period** shown in the Declarations;
   2. any lawyer previously affiliated with the **Named Insured** or a **Predecessor Firm** as a partner, officer, director, stockholder-employee, associate, manager, member or salaried employee but only for **Legal Services** performed on behalf of the **Named Insured** or a **Predecessor Firm** at the time of such affiliation;
   3. any lawyer, law firm, partnership, professional corporation, professional association, limited liability company or limited liability partnership who acts as Of Counsel to the **Named Insured** or any non-employee independent contractor attorney to the **Named Insured**, but only for **Legal Services** rendered on behalf of the **Named Insured** and only if a fee inured or, in the event of a contingency fee, would have inured, to the **Named Insured**. No fee need inure to the **Named Insured** where pro bono **Legal Services** are rendered by such Of Counsel **Insured** where at the time of retention, there was approval by the appropriate committee or lawyer within the **Named Insured** that the matter would be handled without compensation. Any lawyer, law firm, partnership, professional corporation, professional association, limited liability company or limited liability partnership who previously qualified as an **Insured** under sub-paragraph 1. above, but gave up the position of partner, officer, director, stockholder-employee, associate, manager, member or employee to act exclusively as Of Counsel to the **Named Insured**, will be deemed to be an **Insured** under sub-paragraph 1. above;
   4. any person who is a former or current employee of the **Named Insured** or any **Predecessor Firm** and not a lawyer, but solely for services performed by such person within the course and scope of their employment by the **Named Insured** or any **Predecessor Firm** and provided that the services in dispute are **Legal Services** of the **Named Insured** or any **Predecessor Firm**;
   5. the estate, heirs, executors, administrators, assigns, and legal representatives of an **Insured** in the event of such **Insured's** death, incapacity, insolvency or bankruptcy, but only to the extent that such **Insured** would have been provided coverage under this Policy; or

LPL 39450 (10-14)                                                                                                                      Page 4 of 10
The descriptions in the headings of this Policy are solely for convenience, and form no part of the terms and conditions of coverage.

21

BERKLEY INSURANCE COMPANY

6. the spouse or domestic partner of an **Insured**; provided, however, coverage is only afforded to such spouse or domestic partner only for a **Claim** arising solely out of their status as such and where such **Claim** seeks damages from marital community property, jointly held property or property transferred from an **Insured** to the spouse or domestic partner. No coverage is provided for any act or omission of an estate, heir, legal representative, assign, spouse or domestic partner.

G. **Insurer** means the entity issuing this Policy as listed on the Declarations Page.

H. **Legal Services** means:
   1. those services, including pro bono services, performed by an **Insured** for others as a lawyer, arbitrator, mediator, title agent or other neutral fact finder or as a notary public. Any title agency or insurer, on whose behalf the **Insured** acts as title agent or designated issuing attorney, is not an **Insured** under this Policy unless such title agency is a wholly owned subsidiary of the **Named Insured**;
   2. those services performed by an **Insured** as an administrator, conservator, receiver, executor, guardian, trustee or in any other fiduciary capacity;
   3. those services performed by an **Insured** in their capacity as a member of a bar association, ethics, peer review, formal accreditation, licensing, or similar professional board or committee related to the legal profession, or
   4. those services performed by an **Insured** as an author, strictly in the publication or presentation of research papers or similar materials and only if the fees, royalties or other revenue generated from such work are not greater than $10,000.

   For the purpose of this definition, services performed by an **Insured** in a lawyer-client relationship on behalf of one or more clients shall be deemed **Legal Services** in the **Insured's** capacity as a lawyer, although such services could be performed wholly or in part by non-lawyers.

I. **Named Insured** means the persons and entities designated in Item 1. of the Declarations.

J. **Personal Injury** means an injury arising out of: false arrest, detention, or imprisonment; wrongful entry, or eviction, or other invasion of the right of private occupancy; libel, slander, or other disparaging or defamatory materials; a writing or saying in violation of an individual's right to privacy; malicious prosecution or abuse of process.

K. **Policy Period** means the period of time from the inception date shown in Item 2. of the Declarations to the earlier of the expiration date shown in Item 2. of the Declarations or the effective date of cancellation of this Policy.

L. **Predecessor Firm** means any sole proprietorship, partnership, professional corporation, professional association, limited liability corporation or limited liability partnership engaged in **Legal Services** and:
   1. to whose financial assets and liabilities the firm listed as the **Named Insured** in the Declarations is the majority successor in interest; or
   2. of which the **Named Insured** retained 50% or more of the lawyers; or
   3. was previously deemed to be a **Predecessor Firm** under the lawyers professional liability policy issued by the **Insurer** immediately preceding this Policy.

M. **Prior Insurer** means an insurer, including the **Insurer** and any subsidiary or affiliate of the **Insurer**, who has issued a lawyers professional liability insurance policy that is applicable to a **Claim**, such policy having an inception date prior to the **Policy Period**.

N. **Related Acts or Omissions** means all acts or omissions in the rendering of **Legal Services** that are temporally, logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision.

O. **Related Claims** means all **Claims** arising out of a single act or omission or arising out of **Related Acts or Omissions** in the rendering of **Legal Services**.

## IV. Exclusions

This Policy does not apply:

### A. Intentional Acts

to any **Claim** based on, or arising out of, or in any way involving any dishonest, fraudulent, criminal, malicious act or omission or intentional wrongdoing by an **Insured**; provided, however:

1. this exclusion shall not apply to **Personal Injury**;
2. the **Insurer** shall provide the **Insured** with a defense of such **Claim** unless or until the dishonest, fraudulent, criminal, malicious act or omission or intentional wrongdoing has been determined by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not. Such defense will not waive any of the **Insurer's** rights under this Policy. Criminal proceedings are not covered under this Policy regardless of the allegations made against any **Insured**;
3. this exclusion will not apply to any **Insured** who is not found to have personally committed the dishonest, fraudulent, criminal, malicious act or omission or intentional wrongdoing by any trial verdict, court ruling, or regulatory ruling.

LPL 39450 (10-14)                                                                                                                    Page 5 of 10
The descriptions in the headings of this Policy are solely for convenience, and form no part of the terms and conditions of coverage.

22

**BERKLEY INSURANCE COMPANY**

### B. Bodily Injury / Property Damage

to any **Claim** for **Bodily Injury**, or injury to, or destruction of, any tangible property, including the loss of use resulting therefrom; provided, however, this exclusion for **Bodily Injury** does not apply to mental injury, mental anguish, mental stress, humiliation or emotional distress caused by **Personal Injury**;

### C. Status as Beneficiary or Distributee

to any loss sustained by an **Insured** or **Claim** made against an **Insured** as beneficiary or distributee of any trust or estate;

### D. Contractual Liability

to any **Claim** based on, or arising out of, or in any way involving an **Insured's** alleged liability under any oral or written contract or agreement, unless such liability would have attached to any **Insured** in the absence of such agreement;

### E. Insured vs. Insured

to any **Claim** by or on behalf of an **Insured** under this Policy against any other **Insured** hereunder; unless such **Claim** arises out of **Legal Services** by an **Insured** rendered to such other **Insured** as a client;

### F. Capacity as Director, Officer, Fiduciary

to any **Claim** based on, or arising out of, or in any way involving an **Insured's** capacity as:

1. a former, existing or prospective officer, director, shareholder, partner, manager or member (or any equivalent position) of any entity if such entity is not named in the Declarations;
2. a trustee of a pension, welfare, profit-sharing, mutual or investment fund or investment trust; or
3. a fiduciary under the Employee Retirement Income Security Act of 1974 and its amendments or any regulation or order issued pursuant thereto or any other similar state or local law;

provided, however, this exclusion does not apply to a **Claim** based on, or arising out of an **Insured's** capacity as a member, director or officer of any professional legal association, including any Bar Association and any similar organization or association, its governing board or any of its committees;

### G. Capacity as Public Official

to any **Claim** based on, or arising out of, or in any way involving an **Insured's** capacity as a public official or an employee or representative of a governmental body, subdivision or agency unless such **Insured** is deemed as a matter of law to be a public official or employee or representative of such entity solely by virtue of rendering **Legal Services** to it;

### H. Owned Entity

to any **Claim** based on, or arising out of, or in any way involving **Legal Services** performed, directly or indirectly, for any entity not named in the Declarations, if at the time of the act or omission giving rise to the **Claim**, the percentage of ownership interest, direct or indirect, in such entity by any **Insured**, or an accumulation of **Insureds**, exceeded 10%;

### I. Funds Exclusion

to any **Claim** based on, or arising out of, or in any way involving the actual or alleged conversion, misappropriation or improper commingling of client funds;

### J. Securities Exclusion

to any **Claim** based on, or arising out of, or in any way involving:

1. the promotion, sale or solicitation for sale of securities, real estate, or other investments by any **Insured**; or
2. recommendations, representations, or opinions concerning specific investment advice by any **Insured** or any person or organization referred to by any **Insured** or any person or organization referred to by any **Insured** in connection with portfolio or trust account management, or the performance or nonperformance of securities, real estate, or other investments;

### K. Personal Profit Exclusion

to any **Claim** based on, or arising out of, or in any way involving any **Insured** having gained any personal profit or advantage to which he or she was not legally entitled;

### L. Employee Retirement Income Security Act Exclusion

to any **Claim** based on, or arising out of, or in any way involving any actual or alleged violations of the Employee Retirement Income Security Act of 1974 and amendments thereto by any **Insured** while acting as a fiduciary within the meaning of said Act; provided, however, this exclusion shall not apply to a **Claim** arising out of an act or omission committed by an **Insured** in the performance of **Legal Services** to a fiduciary as otherwise provided by the Policy.

The descriptions in the headings of this Policy are solely for convenience, and form no part of the terms and conditions of coverage.

BERKLEY INSURANCE COMPANY

## V. Policy Conditions

### A. Notice of Claims

#### 1. Notifying the Insurer of Claims

The **Insured**, as a condition precedent to the obligations of the **Insurer** under this Policy, shall as soon as reasonably possible after learning of a **Claim**, give written notice to the **Insurer** during the **Policy Period** of such **Claim**. The **Insurer** agrees that the **Insured** may have up to, but not more than, 60 days after the expiration of the **Policy Period** to report a **Claim** made against the **Insured** during the **Policy Period** provided the reporting of such **Claim** is as soon as reasonably possible.

#### 2. Notifying the Insurer of Potential Claims

If during the **Policy Period** the **Insured** becomes aware of any act or omission that may reasonably be expected to be the basis of a **Claim** against the **Insured** and gives written notice to the **Insurer** of such act or omission and the reasons for anticipating a **Claim** with full particulars, including but not limited to:

a. the specific act or omission;
b. the dates and persons involved;
c. the identity of anticipated or possible claimants; and
d. the circumstances by which the **Insured** first became aware of the possible **Claim**;

then any such **Claim** that arises out of such reported act or omission and that is subsequently made against the **Insured** and reported to the **Insurer** shall be deemed to have been made at the time such written notice was given to the **Insurer**.

### B. Reimbursement of the Insurer

Subject to the **Insured's** right to consent to settlement as set forth in section I. C. Settlement, if the **Insurer**, in the exercise of its discretion and without any obligation to do so, pays any amount within the amount of the deductible then such amounts shall, upon written demand by the **Insurer**, be paid by the **Named Insured** within 30 days. If the **Named Insured** fails to pay the deductible, then all the **Insureds** shall be jointly and severally obligated to pay the deductible. Any funds advanced by the **Insurer**, at its option, shall serve to reduce the Limit of Liability. If the **Insurer** brings suit to collect the deductible, then the **Insured** responsible to pay the deductible also shall pay the legal fees, costs and expenses incurred by the **Insurer** to collect the deductible.

### C. Territory

This Policy applies to an act or omission taking place anywhere in the world, provided that the **Claim** is made and suit is brought against the **Insured** within the United States of America, including its territories, possessions, Puerto Rico or Canada.

### D. Other Insurance

Any **Claim** insured under any other insurance policy or risk transfer instrument which applies to a covered **Claim**, shall be paid first by those instruments, policies or other arrangements. This Policy will not serve as primary insurance where there is other applicable insurance. It is the intent of this Policy to apply only to **Claim Expenses** and / or **Damages** which are more than the total limit of all deductibles, limits of liability, self-insured amounts or other valid and collectible insurance or risk transfer arrangements, whether primary, contributory, excess, contingent, or otherwise. This Policy will not contribute with any other applicable insurance.

Notwithstanding the foregoing, if two or more policies of Lawyers Professional Liability Insurance issued by the **Insurer** covering the **Insured** apply to the same **Claim** for which the **Insured** is jointly and severally liable, the **Insurer** shall not be liable under this Policy for a greater proportion of such **Damages** and / or **Claim Expenses** than the **Insurer's** liability under this Policy bears to the **Insurer's** total liability under all applicable valid and collectible insurance issued by the **Insurer**. Further, the **Insurer** shall not pay on the **Insured's** behalf any sum that exceeds the highest limit of liability of the Policies issued by the **Insurer**. In such circumstances, the **Insured** will not be responsible under this Policy for a greater proportion of the deductible than the **Insured's** responsibility under this Policy bears to the **Insured's** total responsibility for all applicable deductibles, provided that the **Insured** will not be responsible for any amount that exceeds the deductible of that Policy issued by the **Insurer** that has the highest applicable deductible.

The descriptions in the headings of this Policy are solely for convenience, and form no part of the terms and conditions of coverage.

**BERKLEY INSURANCE COMPANY**

### E. Assistance and Cooperation of the Insured

1. The **Insured** shall cooperate with the **Insurer** and, upon the **Insurer's** request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving of evidence, obtaining the attendance of witnesses, and the conduct of suits and proceedings in connection with a **Claim**.

2. The **Insured** shall assist in the enforcement of any right of contribution or indemnity against any person or organization who or which may be liable to any **Insured** in connection with a **Claim**.

3. The **Insured** shall not, except at its own cost, voluntarily make any payment, assume or admit any liability or incur any expense without the consent of the **Insurer**.

### F. Action Against the Insurer

No action shall lie against the **Insurer** by any third party, unless, as a condition precedent thereto:

1. there shall have been full compliance with all the terms of this Policy; and
2. the **Insured's** obligation to pay shall have been finally determined either by judgment against the **Insured** after actual trial or by written agreement of the **Insured**, the claimant and the **Insurer**.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this Policy to the extent of the insurance afforded by this Policy. No person or organization shall have any right under this Policy to join the **Insurer** as a party to any action against an **Insured**, nor shall the **Insurer** be impleaded by the **Insured** or his legal representative.

### G. Bankruptcy or Insolvency

Bankruptcy or insolvency of the **Insured** or of the **Insured's** estate shall not relieve the **Insurer** of any of its obligations hereunder.

### H. Subrogation

In the event of any payment under this Policy, the **Insurer** shall be subrogated to all the **Insured's** rights of recovery thereof against any person or organization. The **Insured** shall execute and deliver instruments and papers and do whatever else is necessary to secure and collect upon such rights. The **Insured** shall do nothing to prejudice such rights.

### I. Changes

Notice to any of the **Insurer's** agents or knowledge possessed by any such agent or any other person shall not act as a waiver or change in any part of this Policy. It also will not prevent the **Insurer** from asserting any rights under the provisions of this Policy. None of the provisions of this Policy will be waived, changed or modified except by written endorsement, issued to form a part of this Policy.

### J. Assignment

No assignment of interest of the **Insured** under this Policy shall be valid, unless the written consent of the **Insurer** is endorsed hereon.

### K. Cancellation/ Nonrenewal

1. This Policy may be canceled by the **Named Insured** by returning it to the **Insurer**. The **Named Insured** may also cancel this Policy by written notice to the **Insurer** stating at what future date cancellation is to be effective.

2. The **Insurer** may cancel or non-renew this Policy by written notice to the **Named Insured** at the address last known to the **Insurer**. The **Insurer** will provide written notice at least 60 days before cancellation or non-renewal is to be effective. If the **Insurer** cancels this Policy because the **Insured** has failed to pay a premium when due or has failed to pay amounts in excess of the limit of the **Insurer's** liability or within the amount of the deductible, this Policy may be canceled by the **Insurer** by mailing to the **Named Insured** written notice stating when, not less than 10 days thereafter, such cancellation shall be effective. The time of surrender of the Policy or the effective date and hour of cancellation stated in the notice shall become the end of the **Policy Period**. Delivery (where permitted by law) of such written notice either by the **Named Insured** or by the **Insurer** shall be equivalent to mailing.

3. If the **Insurer** cancels this Policy, the earned premium shall be computed pro rata. If the **Named Insured** cancels this Policy, the **Insurer** shall retain the customary short rate proportion of the premium. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

4. The offering of terms and conditions different from the expiring terms and conditions shall not constitute a refusal to renew.

The descriptions in the headings of this Policy are solely for convenience, and form no part of the terms and conditions of coverage.

25

**BERKLEY INSURANCE COMPANY**

### L. Entire Contract

By acceptance of this Policy the **Insured** agrees that:

1. all of the information and statements provided to the **Insurer** by the **Insured** are true, accurate and complete and shall be deemed to constitute material representations made by all of the **Insureds**; and
2. this Policy is issued in reliance upon the **Insured's** representations; and
3. this Policy, endorsements thereto, together with the completed and signed application and any and all supplementary information and statements provided by the **Insured** to the **Insurer** (all of which are deemed to be incorporated herein) embody all of the agreements existing between the **Insured** and the **Insurer** and shall constitute the entire contract between the **Insured** and the **Insurer**; and
4. any material misrepresentation or fraud made by the **Insured** or with the **Insured's** knowledge in applying for this Policy or in pursuing a **Claim** under this Policy shall be deemed grounds for denial of coverage or cancellation of this Policy.

### M. Named Insured as Sole Agent

The **Named Insured** shall be the sole agent of all **Insureds** hereunder for the purpose of effecting or accepting any notices hereunder, any amendments to or cancellation of this Policy, for the completing of any applications and the making of any statements, representations and warranties, for the payment of any premium and the receipt of any return premium that may become due under this Policy, and the exercising or declining to exercise any right under this Policy.

### N. Liberalization

If at any time during the **Policy Period** the **Insurer** adopts any revision that would broaden coverage under this Policy form LPL 39450 without additional premium, such broadened coverage will immediately apply to this Policy for **Claims** made and reported to the **Insurer**: 1) after the effective date such revision was filed and approved in the state in which the **Insured** is domiciled; and 2) during the **Policy Period**. In no event shall such revision apply to **Claims** that were first made against the **Insured** prior to the effective date of such revision.

### O. Notices

Any notices required to be given by an **Insured** shall be submitted in writing to the **Insurer** or its authorized representative. If mailed, the date of mailing of such notice shall be deemed to be the date such notice was given and proof of mailing shall be sufficient proof of notice.

### P. Trade and Economic Sanctions

This policy does not provide coverage for **Insureds**, transactions or that part of **Damages** or **Claim Expenses** that is uninsurable under the laws or regulations of the United States concerning trade or economic sanctions.

### Q. Changes to the Firm

If during the **Policy Period** there is a 50% or greater change in the **Named Insured's** total lawyer population, then the **Named Insured** shall give the **Insurer** written notice of such changes as soon as practicable but not later than 60 days after the effective date of such change. The **Named Insured** shall accept any premium adjustment or coverage revisions which the **Insurer** may require.

### R. Policy Headings

The descriptions in the headings of this Policy are solely for convenience, and form no part of the terms and conditions of coverage.

## VI. Extended Reporting Periods

As used herein, "Extended Reporting Period" means the period of time after the end of the **Policy Period** for reporting **Claims** that are first made against the **Insured** during the applicable Extended Reporting Period by reason of an act or omission that occurred prior to the end of the **Policy Period** and is otherwise covered by this Policy.

### A. Automatic Extended Reporting Period

1. If this Policy is canceled or non-renewed by either the **Insurer** or by the **Named Insured**, the **Insurer** will provide to the **Named Insured** an automatic, non-cancelable 60 day Extended Reporting Period starting at the termination of the **Policy Period** only if there is no other policy or policies that would otherwise provide insurance for such act or omission. This Automatic Extended Reporting Period will terminate after 60 days.
2. The **Insurer's** liability for all **Claims** reported during the Automatic Extended Reporting Period shall be part of and not in addition to the Limit of Liability for the **Policy Period** as set forth in the Declarations and section II. Limit of Liability and Deductible.

The descriptions in the headings of this Policy are solely for convenience, and form no part of the terms and conditions of coverage.

26

**BERKLEY INSURANCE COMPANY**

### B. Optional Extended Reporting Period

1. If this Policy is canceled or non-renewed by either the **Insurer** or by the **Named Insured**, then the **Named Insured** shall have the right to purchase an Optional Extended Reporting Period. Such right must be exercised by the **Named Insured** within 60 days of the termination of the **Policy Period** by providing:
   a. written notice to the **Insurer**; and
   b. with the written notice, the amount of additional premium described below.
2. The additional premium for the Optional Extended Reporting Period shall be based upon the rates for such coverage in effect on the date this Policy was issued or last renewed and shall be for 1 year at 100% of such premium; 2 years at 150% of such premium; 3 years at 175% of such premium; 6 years at 225% of such premium; or an unlimited period for 250% of such premium.
3. The premium for the Optional Extended Reporting Period is due on its effective date. This Optional Extended Reporting Period is non-cancelable and the entire premium shall be deemed fully earned at its commencement without any obligation by the **Insurer** to return any portion thereof.
4. The **Insurer's** liability for all **Claims** reported during the Optional Extended Reporting Period shall be part of and not in addition to the Limit of Liability for the **Policy Period** as set forth in the Declarations and section II. Limit of Liability and Deductible.

### C. Elimination of Right to any Extended Reporting Period

There is no right to any Extended Reporting Period:
1. if the **Insurer** shall cancel or refuse to renew this Policy due to:
   a. non-payment of premiums;
   b. non-compliance by an **Insured** with any of the terms and conditions of this Policy; or
   c. any misrepresentation or omission in the application for this Policy;
2. if during the **Policy Period** such **Insured's** right to practice law is revoked, suspended or surrendered at the request of any regulatory authority.

### D. Extended Reporting Period is Not a New Policy

It is understood and agreed that the Extended Reporting Period shall not be construed to be a new policy and any **Claim** submitted during such period shall otherwise be governed by this Policy.

In witness whereof, the **Insurer** has caused this Policy to be signed by its President and Chief Executive Officer and Secretary, but this Policy shall not be valid unless countersigned on the Declarations Page by a duly authorized representative of the **Insurer**.

*President*                                                                 *Secretary*

The descriptions in the headings of this Policy are solely for convenience, and form no part of the terms and conditions of coverage.